UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| THE KROGER CO.<br>1014 Vine St.<br>Cincinnati, Ohio 45202<br><br>        Plaintiff,<br><br>v.<br><br>ATEB, INC.<br>4501 Atlantic Ave., Suite 110<br>Raleigh, NC 27604<br><br>        Defendant. | Civil Action No. 1:09-cv-196<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, The Kroger Co. ("Kroger"), for its Complaint against Defendant, ateb, Inc. ("ateb"), alleges as follows:

### NATURE OF THE ACTION

1. This is an action by Kroger for breach of contract, breach of implied covenant of good faith and fair dealing, unfair and deceptive trade practices, and indemnification under the laws of the State of North Carolina.

2. Kroger brings this action because, among other things, ateb has breached its contract with Kroger and failed to indemnify Kroger for the damages suffered by Kroger arising from a patent infringement action, initiated by a non-party to this litigation, against Kroger for its use of ateb's software product.

3. Kroger licensed ateb's software ("Licensed Software") pursuant to a written agreement, entitled, "Master Software License Agreement" (hereinafter, referred to as the "License Agreement").

4. The License Agreement expressly provides that ateb will indemnify, defend, and hold harmless Kroger from and against any and all damages, including reasonable attorneys' fees, arising from any action brought against Kroger based on a claim that the Licensed Software infringes any United States patent.

5. On or about August 21, 2006, Kroger was sued for patent infringement arising from Kroger's use of the Licensed Software, and plaintiff in that action asserted the Licensed Software infringes multiple United States patents.

6. Kroger suffered damages, including costs, expenses, and reasonable attorneys' fees, in the defense and settlement of that patent infringement action.

7. Ateb has breached its agreement and otherwise failed to indemnify Kroger for such damages.

**PARTIES**

8. Plaintiff, Kroger, is an Ohio corporation with its principal place of business located at 1014 Vine Street, Cincinnati, Ohio 45202.

9. Upon information and belief, Defendant, ateb, is a corporation organized under the laws of the State of North Carolina with its principal place at 4501 Atlantic Ave., Suite 110, Raleigh, NC 27604.

10. Upon information and belief, ateb is doing business in this judicial district at least by its software licensing and sales to multiple business entities in this district, including Kroger.

## JURISDICTION AND VENUE

11. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)(1) as ateb is a resident in this judicial district for the purposes of the venue statute and under 28 U.S.C. §§ 1391(a)(2) as a substantial part of the events and omissions giving rise to the claim occurred in this state.

## BACKGROUND

13. On or about May 29, 2001, Kroger and ateb entered into and validly executed the License Agreement. A copy of the License Agreement is attached hereto as Exhibit 1 and incorporated herein by this reference.

14. Among other things, the License Agreement "established the terms and conditions upon which [Kroger] may purchase software licenses from [ateb]."

15. The Licensed Software, i.e., the subject of the License Agreement, was used to operate Kroger's automated telephone prescription and/or customer service systems, allowing Kroger's customers to, for example, request prescription refills by use of an automated system.

16. In Section 8 of the License Agreement, entitled, "INTELLECTUAL PROPERTY INDEMNIFICATION," ateb represents and warrants the following:

> [Ateb] represents and warrants to [Kroger] that [ateb] has all of the rights necessary to grant the rights and licenses granted to [Kroger] in this Agreement.

17. In that same section, Section 8, ateb expressly agrees to indemnify Kroger for damages, costs, and expenses arising from a patent infringement action arising from the use of the Licensed Software, stating:

> [ateb] will indemnify, defend and hold [Kroger] harmless from and against any and all damages, liabilities, costs and expenses (including reasonable attorneys' fees) arising from any action brought against [Kroger] or [Kroger's] affiliates, customers, dealers or distributors to the extent that it is based on a claim that the Software infringes any United States patent, copyright, or trade secret ….

18. Section 2.4 of the License Agreement defines "Software" as "the object code form of those computer programs identified in any Order From which [ateb] delivers to [Kroger] pursuant to [the License Agreement]."

19. The conditions on this indemnification provision were that:

> 8.0.1 [ateb] is promptly notified in writing by [Kroger] of such claim;
>
> 8.0.2 [ateb] is given the opportunity to have sole control of the defense of any action on such claim and all negotiations for its settlement or compromise;
>
> 8.0.3 [Kroger] provides such reasonable non-financial assistance and cooperation as [ateb] may request in defending such action.

20. With regard to any limitation of liability, Section 9 of the License Agreement, entitled, "LIMITATION OF LIABILITY," provides (emphasis added):

> THIS LIMITATION OF LIABILITY DOES <u>NOT</u> APPLY TO ANY LIABILITY FOR INDEMNIFICATION ARISING UNDER SECTION 8, OR ARISING FROM … INFRINGEMENT OR MISAPPROPRIATION OF THE OTHER PARTY'S OR ANY THIRD PARTY'S INTELLECTUAL PROPERTY OR OTHER PROPRIETARY RIGHTS.

21. Upon information and belief, ateb was aware of patent infringement actions based on or related to the technology of the Licensed Software.

4

22. At the time of entering into the License Agreement, ateb did not inform Kroger that infringement actions based on or related to the technology of the Licensed Software had already been instituted; that it was aware of any infringement actions based on or related to the technology of the Licensed Software; or that it was potentially liable for any patent infringement based on or related to the Licensed Software.

23. On or about August 21, 2006, Ronald A. Katz Technology Licensing, L.P. ("Katz"), a non-party to the License Agreement and to the present action, filed suit against Kroger, among others, for patent infringement in the United States District Court for the Eastern District of Texas, styled *Ronald A. Katz Technology Licensing, L.P. v. Aetna, et al.*, Case No. 06-CV-335, thereafter transferred for purposes of multi-district litigation to the United States District Court for the Central District of California, and thereafter entitled *In Re Katz Interactive Call Processing Patent Litigation*, Case No. 07-ML-1816, (collectively, "Patent Infringement Action"), arising from Kroger's use of the Licensed Software.

24. The Complaint in the Patent Infringement Action alleged in pertinent part that:

> … the Kroger defendants operate automated telephone systems, including without limitation customer service systems that allow their customers to order prescriptions and/or obtain other services over the telephone, including without limitation the "Easy Fill" and 1-800-Krogers customer service systems.

25. In the Patent Infringement Action, the following claims were asserted against Kroger: claim 6 of U.S. Patent No. 5,251,252; claims 23 and 51 of U.S. Patent No. 5,255,309; claims 24 and 85 of U.S. Patent No. 5,561,707; claims 2, 125, and 192 of U.S. Patent No. 5,684,863; claim 11 of U.S. Patent No. 5,787,156; claim 6 of U.S. Patent No. 6,434,223; and claim 106 of U.S. Patent No. 6,678,360.

26. All of the claims listed above relate to automated telephone customer service systems; specifically, the claims for patent infringement were based on a claim that the Licensed Software, implemented and used by Kroger, infringed certain claims of the above-identified patents.

27. Kroger was personally served in the Patent Infringement Action on or about August 28, 2006.

28. On or about September 1, 2006, Kroger notified ateb in writing of the Patent Infringement Action. A copy of the notification letter (hereinafter, "September 1 Notification Letter") is attached hereto as Exhibit 2. Furthermore, Kroger tendered to ateb the defense and indemnity of any and all claims associated with the Patent Infringement Action and enclosed copies of the served documents.

29. The September 1 Notification Letter was sent by senior counsel for Kroger to Debbie Shepherd of ateb, stating:

> Pursuant to all applicable authorities and rights, Kroger hereby tenders the [Patent Infringement Action] to ateb … for immediate defense and indemnity ….

30. By the September 1 Notification Letter, Kroger promptly notified ateb in writing of the Patent Infringement Action and gave ateb the opportunity to have sole control of the defense of any action on such claim and all negotiations for its settlement or compromise.

31. Kroger reserved its right to pursue separate claims for damages and indemnity against ateb in the event that ateb failed or refused to defend, indemnify and/or hold harmless Kroger in connection with the Patent Infringement Action.

32. On September 8, 2006, in a letter from Robert J. Morris, counsel for ateb, ateb denied that it was obligated to defend and indemnify Kroger for the Patent Litigation Action.

33. Again, by letter dated September 11, 2006, Kroger re-iterated that ateb is obligated to indemnify Kroger pursuant to the License Agreement.

34. Thereafter, Kroger was forced to undertake to defend itself in the Patent Infringement Action and took all actions necessary to do so in that Patent Infringement Action.

35. On or about September 17, 2007, Katz served its preliminary infringement contentions in the Patent Infringement Action, which reiterated that the suit arose from Kroger's use of the Licensed Software.

36. On or about June 13, 2008, after several months of negotiation and after incurring over a year and a half of legal fees, Kroger entered into a settlement agreement with Katz to settle the Patent Infringement Action.

37. In pertinent part, Kroger paid Katz an amount to settle the Patent Infringement Action.

38. Further, since the initiation of the Patent Infringement Action, Kroger incurred in excess of $280,000 of legal fees in defending the Patent Infringement Action, and Kroger incurred in excess of $80,000 in costs and expenses, separate and apart from legal fees, related to defending against Katz's infringement allegations.

39. Ateb has not reimbursed, indemnified or otherwise made Kroger whole for the damages, including costs, expenses, and reasonable attorneys' fees, suffered by Kroger related to the Patent Infringement Action and Kroger's use of the Licensed Software.

## FIRST CLAIM FOR RELIEF -
## BREACH OF CONTRACT FOR REPRESENTATION AND WARRANTY

40. Kroger realleges and incorporates each and every paragraph set forth above, as though fully set forth herein.

41. On or about May 29, 2001, Kroger and ateb entered into and validly executed the License Agreement, whereby ateb purportedly granted Kroger, for consideration, the right and license to in part "use and have the Software used by it … and reproduce and have the Software reproduced."  See Section 3.1.1 of the License Agreement.

42. Kroger paid consideration and received in turn a "perpetual …, non-exclusive, fully paid-up, royalty-free, non-transferable … right and license."  See Section 3.1.1 of the License Agreement.

43. In Section 8 of the License Agreement, entitled, "INTELLECTUAL PROPERTY INDEMNIFICATION," ateb represents and warrants the following:

> [ateb] represents and warrants to [Kroger] that [ateb] has all of the rights necessary to grant the rights and licenses granted to [Kroger] in this Agreement.

44. Since the execution of the License Agreement, and particularly, since the commencement of the Patent Infringement Action, Kroger has determined that ateb did not have the rights necessary to grant the rights and licenses granted to Kroger in the License Agreement.

45. Namely, upon information and belief, ateb granted such rights and license in contravention of the patent rights of Katz.

46. Ateb breached the contract by not having the right granted in the License Agreement and is liable under the laws of the State of North Carolina.

47. Kroger has been damaged by Defendant's acts complained of, including breach of the representations and warranties, in an amount to be determined at trial.

### SECOND CLAIM FOR RELIEF - BREACH OF CONTRACT FOR FAILURE TO INDEMNIFY

48. Kroger realleges and incorporates each and every paragraph set forth above, as though fully set forth herein.

49. In Section 8 of the License Agreement, ateb expressly agrees to indemnify Kroger for damages, costs, and expenses arising from a patent infringement action arising from the use of the Licensed Software, stating:

> [ateb] will indemnify, defend and hold [Kroger] harmless from and against any and all damages, liabilities, costs and expenses (including reasonable attorneys' fees) arising from any action brought against [Kroger] or [Kroger's] affiliates, customers, dealers or distributors to the extent that it is based on a claim that the Software infringes any United States patent, copyright, or trade secret ….

50. The conditions on this indemnification provision were that:

> 8.0.1 [ateb] is promptly notified in writing by [Kroger] of such claim;
>
> 8.0.2 [ateb] is given the opportunity to have sole control of the defense of any action on such claim and all negotiations for its settlement or compromise;
>
> 8.0.3 [Kroger] provides such reasonable non-financial assistance and cooperation as [ateb] may request in defending such action.

51. Kroger was sued for patent infringement in the Patent Infringement Action arising from Kroger's use of the software licensed by ateb, the subject of the License Agreement.

52. Kroger satisfied all conditions for defense and indemnification by ateb, including promptly notifying ateb in writing of such claim in the Patent Infringement

9

Action, giving ateb the opportunity to have sole control of the defense, and provide such reasonable non-financial assistance and cooperation as requested.

53. Ateb failed to defend and indemnify Kroger in the Patent Infringement Action.

54. Ateb breached the contract by not defending and/or indemnifying Kroger in accordance with the License Agreement and is liable under the laws of the State of North Carolina.

55. Kroger has been damaged, including by costs, expenses, and reasonable attorneys' fees, by Defendant's acts complained of in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF - INDEMNIFICATION

56. Kroger realleges and incorporates each and every paragraph set forth above, as though fully set forth herein.

57. Ateb is liable for express or implied-in-law indemnity under the laws of the State of North Carolina.

58. Ateb granted to Kroger the "right and license" to "use and have the Software used by it." Section 3.1.1 of the License Agreement.

59. In Section 8 of the License Agreement, ateb agreed to indemnify Kroger for damages, costs, and expenses arising from a patent infringement action arising from the use of the Licensed Software, stating:

> [ateb] will indemnify, defend and hold [Kroger] harmless from and against any and all damages, liabilities, costs and expenses (including reasonable attorneys' fees) arising from any action brought against [Kroger] or [Kroger's] affiliates, customers, dealers or distributors to the extent that it is based on a claim that the Software infringes any United States patent, copyright, or trade secret ….

60. Ateb engaged to make good and save Kroger harmless from the loss arising from a patent infringement action based on Kroger's use of the Licensed Software from ateb.

61. Even in the absence of the express indemnity provision above, the relationship between the parties, whereby ateb is the licensor of its Licensed Software and Kroger is the licensee of the Licensed Software, fairly implies in law the right to indemnity for damages arising from Kroger's use of the Licensed Software and rights and licenses granted by ateb.

62. Kroger was sued for patent infringement in the Patent Infringement Action arising from Kroger's use of the Licensed Software from ateb, the subject of the License Agreement.

63. Kroger satisfied all conditions for indemnification under the express contractual language, including promptly notifying ateb in writing of such claim in the Patent Infringement Action, giving ateb the opportunity to have sole control of the defense, and provide such reasonable non-financial assistance and cooperation as requested.

64. Ateb failed to defend and indemnify Kroger in the Patent Infringement Action.

65. Kroger has been damaged, including by costs, expenses, and reasonable attorneys' fees, by Defendant's acts complained of in an amount to be determined at trial.

### FOURTH CLAIM FOR RELIEF - UNFAIR AND DECEPTIVE TRADE PRACTICES

66. Kroger realleges and incorporates each and every paragraph set forth above, as though fully set forth herein.

11

67. Ateb is liable for unfair and/or deceptive trade practice under the laws of the State of North Carolina, specifically N.C. Gen. Stat. § 75-1.1.

68. Ateb granted to Kroger the "right and license" to "use and have the Software used by it." Section 3.1.1 of the License Agreement.

69. Ateb engaged to make good and save Kroger harmless from the loss arising from a patent infringement action based on Kroger's use of the software licensed by ateb.

70. Kroger was sued for patent infringement in the Patent Infringement Action arising from Kroger's use of the software licensed by ateb, the subject of the License Agreement.

71. Ateb failed to defend and indemnify Kroger in the Patent Infringement Action.

72. Upon information and belief, Ateb's acts were unfair and/or deceptive and occurred in or affected commerce.

73. Ateb's acts complained of herein were substantially injurious and/or aggravating circumstances exist attendant to the breach of contract claim averred above. In particular, ateb intentionally ignored its obligation to indemnify, thereby forcing Plaintiff to defend itself on the claims of patent infringement related to ateb's product, and in doing so, forced Kroger to pay for the defense and settlement of the patent infringement claims asserted against it. These claims should have been defended and indemnified by ateb, in accordance with the agreement between the parties.

74. Ateb's acts proximately caused the damages suffered by Kroger.

75. Kroger has been damaged, including by costs, expenses, and reasonable attorneys' fees, by Defendant's acts complained of in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF - BREACH OF GOOD FAITH AND FAIR DEALING

76. Kroger realleges and incorporates each and every paragraph set forth above, as though fully set forth herein.

77. Ateb had an implied duty, present in every contract entered into under the laws of North Carolina, of good faith and fair dealing.

78. Ateb breached that implied duty of good faith and fair dealing in their dealings with Kroger in connection with the License Agreement and failure to defend and/or indemnify Kroger for its damages related to the use of the Licensed Software.

79. Kroger suffered damages as a result of Defendant's acts complained of, including by costs, expenses, and reasonable attorneys' fees, by in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Kroger respectfully prays that:

1. The Court enter judgment that ateb has breached representations and warranties provisions of the License Agreement; breached the indemnification provision of the License Agreement; breached its implied duty of good faith and fair dealing; failed to indemnify pursuant to express or implied-in-law obligations; and is liable for unfair and deceptive trade practices related to ateb's failure to defend, indemnify, and/or hold harmless Kroger in the Patent Infringement Action pursuant to the License Agreement.

2. Ateb be required to pay to Kroger its damages caused by Defendant's breach(es) of contract, breach of implied covenant of good faith and fair dealing, failure to indemnify, and/or unfair and deceptive trade practices, including all costs, expenses, and

reasonable attorneys' fees related to Kroger's defense and settlement of the Patent Infringement Action.

3.  The Court grant such other and further relief as the Court deems just and proper, together with attorneys' fees, interest, costs, and disbursements of this action.

## JURY DEMAND

Pursuant to Civil Rule 38(a), Plaintiff, Kroger, demands a trial by jury on all issues so triable.

Dated:   March 18, 2009                             Respectfully submitted,

*/s/ Kevin W. Kirsch*
Kevin W. Kirsch
*kirsch@taftlaw.com*
Ryan M. Bednarczuk
*bednarczuk@taftlaw.com*
TAFT, STETTINIUS & HOLLISTER, LLP
425 Walnut Street, Suite 1800
Cincinnati, OH  45202-3957
Phone: (513) 381-2838
Fax: (513) 381-0205

*Trial Attorneys for Plaintiff,*
*The Kroger Co.*